*Ambrose Spencer* v. *Samuel B. Webb, on Scire Facias.*

THE facts, as they appeared by affidavit, were as follows :

The defendant was served with a *scire facias* on *Tuesday*, the 3d of *May* last, which was returned *scire feci* on the 10th.   On the same day the plaintiff entered a rule for the defendant to appear in four days and plead in twenty after notice, or that his default be entered :  Notice of the rule was not given, nor was it put up in any conspicuous part of the clerk's office, nor was any affidavit of notice on file. Default was entered, without any such affidavit, on the 14th of *May*, on which day the plaintiff entered his judgment also.   The plaintiff swore to a just and material defence, and that he had paid the plaintiff six hundred dollars which had not been allowed him, and offered to let the judgment stand as a security.

On these grounds *Van Vechten* moved to set aside the default and judgment thereon, and the defendant be let in to plead.

*Spencer.*   There are several grounds of objection taken to the proceedings.   One is, that notice ought to have been given of the return of the *sci. fa.* and of the rule entered.   From the fourth rule of this court, made in *April* term, 1796,* it appears, that rules to appear on *sci. fa.* and in ejectment, are placed on the same footing.   It is not necessary, on entering the rule, to give notice that the rule has been entered.

* *Ante*, p. 2.

The notices by the *sci. fa.* and in ejectment, by the declaration, are tantamount. When the attorney appears, then notice is required : But a *sci. fa.* is notice in itself. The default, therefore, being regularly entered, must stand. The next question then is, whether, if the proceedings are correct in entering the default in four days, the court will let the defendant in, on the merits? *Griswold* v. *Stoughton*,[*] decided the last term, is in point, that as there is no account given for not appearing, the default is correct, and will not be set aside. There is no excuse for not entering an appearance, and for four days the defendant certainly slept. In *Edwards* ads. *M'Kinstry, ante,* p. 125. the court said that a default must always be accounted for.

Aug. Term, 1803.

[*] *Antes* p. 146.

*Graham,* as *amicus curiæ,* observed, that it being a point of practice of some importance, he took the liberty to mention, that according to the *English* practice when, on a *sci. fa.* to receive, two *nihils* were returned, judgment was signed of course on showing the returns to the officer.

*Van Vechten.* We are not to obtain the effect of our motion for two reasons. Because according to the *English* practice there are no rules on a *sci. fa.* and because no account is given for the default. As to the first, whatever the practice may be in *England,* our courts have established that a four-day rule is to be entered on the return of the writ, and then the ordinary rule is to be given, and if the default be not entered, the defendant may come in at any time. A *scire facias* is to all intents a new suit, and therefore there should be the same practice as in other cases;

Aug. Term,
1803.
there may be a plea, &c. In this the default has produced no injury. There could be no judgment till next term: Therefore this rigid rule of saying that if you do not account we will not hear you, though you give evidence of reasons for our interference, can have no force when we apply to the discretion of the court. The power used in these cases is founded on justice, and whenever any thing like injustice presents itself, the court will interpose and see that no advantage is taken. Here the defendant offers to let the judgment stand, therefore the plaintiff runs no risk, as the defendant's lands are bound. He swears six hundred dollars have been paid on the judgment: The question then is, whether the defendant does not necessarily deserve favour. Whether the plaintiff shall have execution for six hundred dollars more than are due when merits are sworn to. That the plaintiff is able to repay it, is no answer: the oppression of thus wringing so much from the defendant may be intolerable. Notice, either express or constructive, is necessary to a default; here there is neither. *Griswold* v. *Stoughton* does not apply; it was a mere irregularity, and no affidavit of merits. The court cannot too much bear in view that no injury can result by letting the defendant in to plead.

*Spencer*, in reply. I have strong doubts whether on a *scire facias* there can be any defence* except *nul tiel record*, or the judgment satisfied.

---

* To a *sci. fa.* the defendant may plead in abatement, or in bar. 2 *Inst.* 470. But he can plead nothing in bar, which he might have pleaded to the original action. Where, therefore, the judgment was on a warrant of attorney, as the defendant could have had no opportunity of pleading, the court of K. B. has ordered an issue to let in the defence of usury. *Cook* v. *Jones*, *Cowp.* 727. The defendant may also plead

*Per Curiam.* It appears that the defendant did not enter any appearance before the expiration of the rule, nor indeed was it until some weeks after, that any appearance was entered. It is suggested in answer, that notice ought to have been served of the entry of the rule : this is on the other hand denied ; and rightly. The default, therefore, is regular, and no reason whatever is assigned how it has been incurred. In all such cases we have determined to hold the party to hisdefault. The rule* of this court says " Up- * Rule of *October*, 1791, " on the return of writs of *sci. fa.* if the defendant be *ante*, p. 38. " returned warned, or the second writ be returned " *nihil*, the defendant shall appear in four days, or " judgment shall be entered by default." There- fore the entry of the default is perfectly consistent with the practice of the court, and must remain : But as judgment ought not have been signed till four days after, and it appears to have been done on the very day, *that* is irregular, and therefore must be set aside.

*William Neilson* v. *Catharine Cox, Magdalene Beek- man, Abraham H. Beekman, and Johannah his Wife.*

THIS was an application on a point of practice in partition. The defendants had not appeared, and as the act does not specify any mode of compelling

in abatement that there were not fifteen days between the teste and re- turn. *Narcs* v. *Earl* of *Huntingdon, Lut.* 12. and for want of these fifteen days, the supreme court has set aside, on motion, the proceedings on a *sci. fa. Woodman and others* ads. *Little, ante,* p. 60. as a *scire facias* is a judicial writ. See *Com. Dig.* title Abatement. [H. 14.]